IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

HERBERT BRENT,

    Plaintiff,

Vs.                           Case No.: _____

HYUNDAI MOTOR AMERICA;
HYUNDAI MOTOR COMPANY, INC., dba,
THORNTON ROAD HYUNDAI;
SAMANTHA BRENT; KEN FLANNAGAN,
Thornton Road Hyundai Salesman; JOHN
DOE, Thornton Road Hyundai Notary;
JOHN DOE 2, Thornton Road Finance Manager;
GEICO INSURANCE and JOHN DOE 3, GEICO
Insurance Agent.,

    Defendants.

## CIVIL RICO COMPLAINT
[JURY DEMAND]

Comes Now, Herbert Brent, the above named Plaintiff and sues the Defendants named *supra* for reasons stated below:

### JURISDICTION

1. Jurisdiction is pursuant to The Racketeer influenced and Corrupt Organization (RICO) Act, or Title 18 U.S.C. §§1961-1968 *as amended*. The Western District Federal Court of Tennessee has jurisdiction in this matter pursuant to:

   1) 18 USC §1964(a)
   2) 18 USC §1331
   3) 18 USC §1339

Jurisdiction is bestowed upon 18 U.S.C. §§ 1341 and 1343, both dealing with mail and wire fraud. Plaintiff also interjects Insurance Fraud as a purpose jurisdiction. Jurisdiction

is based on Federal and State Consumer Protection laws, Fair and Accurate Credit Transactions Act of 2003 and the Fair Credit Reporting Act. Pendent claims of Defamation, Intentional Infliction of Emotional Distress and Credit Defamation are claimed *infra*.

## VENUE

2. The Western District Court of Tennessee is the appropriate court holding venue in this matter pursuant to 28 USC §1391 and that the dispute *infra* is not entirely related to the alleged initial contract that allegedly resulted in identity theft.

## PARTIES

1. Herbert Brent, who is the victim and Plaintiff, hereinafter referred to as Plaintiff is a resident of Shelby County Memphis, Tennessee.

2. Hyundai Motor America, hereinafter referred to as Defendant HMA, who is the head corporation of Defendant Thornton Road Hyundai, is located at 10550 Talbert Avenue, Fountain Valley, CA 92708 and has a Registered Agent of National Registered Agents 818 West Seventh Street Los Angeles, CA 90017.

3. Hyundai Motor Company, Inc., hereinafter referred to as Defendant HMC, is owned by Defendant HMA, is doing business as Thornton Road Hyundai located at 669 Thornton Road Lithia Springs, GA 30122 and its registered agent is National Registered Agents 1201 Peachtree Street, N.E., Suite 1240 Atlanta, GA 30361.

4. Defendant Thornton Road Hyundai, hereinafter referred to as Defendant TRH, is located at 669 Thornton Road Lithia Springs, GA 30122 for the purpose of service of process.

5. Samantha Brent, hereinafter referred to as Defendant Brent, is the biological daughter of Plaintiff but has resided in the State of Georgia since about 1985. For the purpose of service of process, Defendant Brent's last known address is 932 Lanider Decatur, Georgia 30332. Defendant Brent is sued in her individual capacity.

6. Ken Flannagan, Hereinafter referred to as Defendant Flannagan, was employed by Defendant TRH, who is owned by Defendant HMC. Defendant Flannagan worked as a Salesman. For the purpose of service of process, Defendant Flannagan's last known work address was 669 Thornton Road Lithia Springs, GA 30122. Defendant Flannagan is being sued in his individual and official capacity.

7. John Doe, whose true name is unknown by Plaintiff and could not be ascertained upon diligent inquiry without discovery upon Defendant HMC dba Defendant TRH was a notary for Defendant TRH. As to the present knowledge of Plaintiff, Defendant John Doe, hereinafter referred to as Defendant Doe, last known work address was 669 Thornton Road Lithia Springs, GA 30122, for the purpose of service of process. Defendant Doe is being sued in his/her individual capacities.

8. John Doe 2, whose true name is unknown by Plaintiff and could not be ascertained upon diligent inquiry without discovery upon Defendant HMC dba Defendant TRH was the Finance Manager for Defendant TRH. As to the present knowledge of Plaintiff, Defendant John Doe 2, hereinafter referred to as Defendant Doe 2, last known work address was 669 Thornton Road Lithia Springs, GA 30122, for the purpose of service of process. Defendant Doe 2 is being sued in his/her individual capacities.

9. GEICO Insurance, hereinafter referred to as Defendant GEICO, is a property insurance provider, whose address is One GEICO Plaza, Macon, GA 31201 and for the purpose of service of process, there registered agent is not found by the Georgia Secretary of State but it is believed by Plaintiff, based on information and belief, that there registered agent is CT Corporation Systems 1201 Peachtree Street, NE Atlanta, GA 30361 but out of caution of abundance, Plaintiff will issue service of process on the Georgia Secretary of State located at Corporations Division of the Secretary of State's Office at 2 Martin Luther King Jr. Dr., Suite 313 West Tower, Atlanta, GA 30334-1530.

10. John Doe 3, whose true name is unknown by Plaintiff and could not be ascertained upon diligent inquiry without discovery upon Defendant GEICO was the Insurance Agent. As to the present knowledge of Plaintiff, Defendant John Doe 3, hereinafter referred to as Defendant Doe 3, last known work address was One GEICO Plaza, Macon, GA 31201, for the purpose of service of process. Defendant Doe 3 is being sued in his/her individual capacities.

## ACTS COMPLAINED OF

This is a matter which devolves upon the illegal acts of conspiracy and interference by Defendants, in legitimate interstate commerce through its genuine pattern of racketeering activities. Under Defendants' continuing deceit, conspiracy, fraud, abuse of process, abuse of positions and such malicious persecution, Plaintiff wither and has been left no choice but to seek justice within Federal Jurisdiction, on grounds of Defendants' racketeering activities. Plaintiff was forced into this public interest action by the continued malicious, prohibited acts of Defendants, which are as follows:

11. In and around the month of March 20, 2011, Defendant Brent called Plaintiff on the telephone and asked Plaintiff if he would co-sign for her for a vehicle.

12. Plaintiff told Defendant, who is his biological daughter whom Plaintiff loves, yes he would.

13. Thereafter, Defendant Flannagan contacted Defendant requesting a copy of his driver's license, wherein Defendant did facsimiled a copy of it to Defendant Flannagan.

14. Defendant John Doe 2, the finance manager, made contact with the Plaintiff requesting that Plaintiff send another facsimile of his driver's license because the first was facsimile was not legible. Defendant did facsimiled a second copy of his identification.

15. Later that day, I received a telephone call from Defendant Brent that she had got the vehicle.

16. At that time, Plaintiff was under the impression that he was only a co-signer at that time. Then Defendant Brent explained further by saying that they (Defendant HMA and Defendant TRH) did not need his signature for cosigner; thus finally leaving Plaintiff with the impression that his name was not used at all.

17. On or around June 2011, Plaintiff received a late payment notice from the finance company thus raising suspicion to Plaintiff as to his name being used as cosigner although Defendant Brent had told him that his name was not used.

18. Plaintiff contacted Defendant Brent, who stated that she was going to get the payment in and take care of everything. Defendant Brent gave no explanation as to why Plaintiff was sent to a notice from the finance company if his name was

not used.

19. Eventually Defendant Brent would not answer Plaintiff's calls, respond to text messages or return Plaintiff's call.

20. Plaintiff then made company with the Defendants HMA, the finance company, and TRH, wherein Plaintiff became aware that his name was used in the purchase of the vehicle and that his signature forged thus prompting Plaintiff to make a visit to the Douglas County sheriff Department in Georgia.

21. Plaintiff alleges that Defendant Doe 2, the notary, committed intentional fraud when he/she notarized documents bearing Plaintiff's forged name without the Plaintiff being present. Such act was intentional gross misconduct and negligent on behalf of Defendant Doe.

22. Plaintiff alleges that each Defendant acted negligently and intentionally by collectively working together to commit and thus committing fraud against him, causing him harm.

23. Plaintiff alleges herein that the Defendants HMA and TRH committed wire fraud when they provided information through electronic means to each other and Defendant GEICO regarding his personal and unapproved information that bared Plaintiff forged name.

24. From the months of June up through December 2011, Plaintiff was making contact with Defendants and the Defendant HMA consumer affairs office located in Arizona.

25. Plaintiff alleges herein that the Defendants committed mail fraud when they provided information through the means of mail through U.S. mail, Federal

Express, United Parcel Service and any other major or minor mailing service, including internal mail to each other and Defendant GEICO regarding his personal and unapproved information that bared Plaintiff forged name.

26. Plaintiff alleges herein that the Defendants committed wire fraud when they provided fraudulent information through electronic means such as facsimile, email, stream and/or Trans flow and mail fraud through the means of mail through U.S. mail, Federal Express, United Parcel Service and any other major or minor mailing service, including internal mail to each other, Defendant GEICO and all Credit Reporting agencies regarding his personal, fraudulent and unapproved information that bared Plaintiff forged name.

27. Plaintiff alleges that the Defendants collectively has violated the Consumer Protection laws of the State of Georgia and Federal Consumer Protection law when they committed fraud against the Plaintiff.

28. Plaintiff alleges that the Defendants negligently and intentionally conspired together to commit fraud against him.

29. Plaintiffs alleges that the Defendants are intentionally working in collusion and conspired with each other having *mens rea* in violating Plaintiffs guaranteed statutory rights by deception and fraud.

30. Due to the fact that the Defendants collectively acted illegally together, therefore creating an illegal enterprise, in committing fraud and deception, wherein they where engaged in racketeering, such acts damaged Plaintiff's credit rating at the time he was attempting to obtain a government contract, wherein he was refused such contract due to Defendant's fraudulent acts. Plaintiff's contract would have

netted him a total of 4.1 million dollars to date.

31. Consumer protection is a group of laws and organizations designed to ensure the rights of consumers as well as fair trade, competition and accurate information in the marketplace. The laws are designed to prevent businesses that engage in fraud or specified unfair practices from gaining. They may also provide additional protection for those most vulnerable in society, such as the elderly, minorities and those who are living in poverty. Consumer protection laws are a form of government regulation, which aim to protect the rights of consumers.

32. Plaintiff alleges that the Defendants, in their conspiring acts of fraud and deception, which created an enterprise of racketeering activity violated his protection guaranteed to him under the Consumer Protection Act and all other applicable Consumer Protection Laws.

33. Fair and Accurate Credit Transactions Act of 2003, wherein it is an amendment to the Fair Credit Reporting Act was violated when applied to the malicious and criminal acts of Defendants against Plaintiff.

34. Plaintiff alleges that the Defendants, while engaged in pattern of racketeering, defamed Plaintiff's personal, professional and credit character thus committing fraudulent defamation of character, wherein it caused Plaintiff to suffer extreme depression to the point where he sought professional mental heath personnel to deal with the trauma that they caused in his life.

35. Plaintiff alleges herein that the Defendants, while engaged in pattern of racketeering, acted with extreme malice and indifference to the statutory, human and common law rights of Plaintiff.

36. Plaintiff alleges herein that the Defendants, while engaged in pattern of racketeering, acted outrageously (tort of outrage), thus causing Plaintiff emotional distress, mental anguish and hostility within his personal life.

## **PRAYER FOR RELIEF**

Wherefore premises considered, Plaintiffs pray that the each Defendant be ordered by this court to provide Plaintiff's with the following relief:

A) that proper process be issued and served upon Defendants by the United States Marshal;

B) that Defendants be ordered to pay to Plaintiff treble actual damages in the collectively totaling $12,300,000.00;

C) that Plaintiff be awarded punitive damages in the amount of at least $36,900,000.00 from each Defendant being that their actions were grossly outrageous with the intent and purpose to commit civilly and criminally illegal fraudulent acts for personal gain while violating consumer trust in the American industry of commerce,; and

D) that Plaintiffs are awarded all other relief deemed just and necessary.

Respectfully submitted,

_____
Herbert Brent , Plaintiff
1649 Shallowlawn Boulevard
Memphis, Tennessee 38106-5417
(619) 318-2434
(901) 726-9871