IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

HERBERT BRENT,

    Plaintiff,

vs.                                                   No. 2:14-cv-02600-STA-dkv

HYUNDAI CAPITAL AMERICA,
HYUNDAI MOTOR COMPANY, INC.,
d/b/a THORNTON ROAD HYYUNDAI,
SAMANTHA BRENT, KEN FLANNAGAN,
JOHN DOE, JOHN DOE 2,
GEICO INSURANCE, and JOHN DOE 3,

    Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On August 1, 2014, the plaintiff, Herbert Brent ("Brent"), a resident of Memphis, Tennessee, filed a *pro se* complaint, (Compl., ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2). In an order issued on August 5, 2014, the court granted leave to proceed *in forma pauperis*. (ECF No. 5.) Brent thereafter filed an amended complaint on September 2, 2014.[1] (Am. Compl., ECF No. 8.)

---

    1 In his amended complaint, Brent dismissed Hyundai Motor America as a defendant and replaced it with Hyundai Capital America. (Am. Compl. 2, ¶ 1-2, ECF No. 8.) Although an amended complaint normally supplants the original complaint, the Sixth Circuit "liberally construe[s] *pro se* complaints and hold[s] such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, 482 F. App'x. 975, 976 (6th Cir. 2012)(citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Consistent with this liberal

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for improper venue pursuant to 28 U.S.C. § 1406(a).

I. PROPOSED FINDINGS OF FACT

Brent's complaint, entitled "Civil RICO Complaint" consists of nine typewritten pages, and it is brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. Brent asserts that this court has jurisdiction pursuant to 18 U.S.C. § 1964(a), 18 U.S.C. § 1331, and 18 U.S.C. § 1339. (Compl. 1, ECF No. 1.) As there are no 18 U.S.C. §§ 1331 and 1339 statutes, the court will assume Brent intends to invoke this court's jurisdiction under 28 U.S.C §§ 1331 and 1339. Further, Brent asserts that this court has jurisdiction under 18 U.S.C. § 1341, 18 U.S.C. § 1343, federal consumer protection laws, the Fair and Accurate Credit Transactions Act

---

construction of *pro se* complaints, this court has, in some instances, followed Fifth Circuit precedent and permitted an amended *pro se* complaint to effectively "functio[n] as an addendum to the original complaint." *See Rajapakse v. Memphis Light, Gas and Water Div.*, No. 12-2807-JDT-dkv, 2013 WL 3803979, at *6-7 (W.D. Tenn. July 19, 2013). For purposes of evaluating Brent's complaint, the court in its discretion regards Brent's amended complaint as a supplement to the original complaint, as Brent's original complaint contains more factual details underlying his claims.

2

of 2003, and the Fair Credit Reporting Act. (*Id.* at 1-2.) Brent also asserts the court has supplemental jurisdiction over the state law claims of insurance fraud, defamation, intentional infliction of emotional distress, and credit defamation. (*Id.* at 2.) With respect to venue, Brent alleges that venue is proper in the Western District of Tennessee under 28 U.S.C. § 1391, "and that the dispute . . . is not entirely related to the alleged initial contract that allegedly resulted in identity theft." (*Id.*)

The complaint and amended complaint names eight defendants:

1. Hyundai Capital America ("HCA"), located at 10550 Talbert Avenue Box 20850, Fountain Valley, California. HCA also has a registered agent located at 1999 Bryan Street, Suite 900, Dallas, Texas;

2. Hyundai Motor Company, Inc., d/b/a Thornton Road Hyundai ("TRH"), owned by HCA and doing business at 669 Thornton Road, Lithia Springs, Georgia;

3. Samantha Brent, a resident of Decatur, Georgia;

4. Ken Flannagan, employed by TRH as a salesman in Lithia Springs, Georgia;

5. John Doe, employed by TRH as a notary in Lithia Springs, Georgia;

6. John Doe 2, employed by TRH as Finance Manager in Lithia Springs, Georgia;

7. GEICO Insurance located at One GEICO Plaza, Macon, Georgia; and

8. John Doe 3, employed as GEICO Insurance agent in Macon, Georgia.

(Compl. 2-4, ECF No. 1; Am. Compl. 2, ECF No. 8.)

In his complaint, Brent alleges that on March 20, 2011, his daughter, Samantha Brent, asked him to co-sign for her on a vehicle. (Compl. 5, ECF No. 1.) Brent agreed. Brent further alleges that "Flannagan contacted (him) requesting a copy of his driver's license" which he faxed. (Id.) He also alleges that "John Doe 2, the finance manager, made contact with him requesting (him to) send another facsimile of his driver's license because the first facsimile was not legible." (*Id.*) Later that day, Samantha Brent informed him that she purchased the vehicle and that the defendants HCA and TRH did not need his signature as co-signor; thus, "leaving [Brent] with the impression that his name was not used at all." (*Id.*) On or around June, 2011, Brent received a late payment notice, which caused him to believe that his name was used as a co-signor on the financing documents. (*Id.*) After contacting HCA and TRH, Brent became aware that his name and his signature were forged. (*Id.* at 6.)

Brent alleges that the defendants conspired against him and fraudulently shared his information with each other through mail and wire communication. (*Id.* at 6-7.) In effect, Brent alleges that the defendants participated in RICO and consumer protection violations, defamed his character and damaged his credit score, thus denying him the opportunity to obtain a valuable government contract in his line of work, and caused him

4

extreme depression, emotional distress, and mental anguish. (*Id.* at 7-9.) Brent seeks "treble actual damages" in the amount of $12,300,00.00, and punitive damages in the amount of at least $36,900,000.00. (*Id.* at 9.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A court may dismiss on venue grounds under § 1915 when improper venue is "'*obvious from the face of the complaint* and

5

no further factual record is required to be developed.'" *Cox v. Rushie*, C.A. No. 13-11308-PBS, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013)(emphasis added)(quoting *Trujillo v. Williams*, F.3d 1210, 1217 (10th Cir. 2006)); *see also Uzamere v. United States*, No. 13-505 S., 2013 WL 5781216, at *18 (D.R.I. Oct. 25, 2013)("While improper venue is not usually a reason to dismiss a complaint at the screening stage, when Plaintiff has knowingly chosen an improper venue and improperly stacked her Amended Complaint with Defendants against whom she has no claims to avoid the District where venue would properly lie, such manipulation is sufficient to justify dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (citing, *inter alia*, *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)).

B. <u>Improper Venue</u>

Before a court can rule on whether venue is proper, the court must have subject-matter jurisdiction over the action. *Grand Blanc Ed. Ass'n v. Grand Blanc Bd. of Ed.*, 624 F.2d 47, 49 n.4 (6th Cir. 1980); *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159, 1160 n.1 (7th Cir. 2000); *Lubrizol Corp. v. Neville Chem. Co.*, 463 F. Supp. 33, 35 (N.D. Ohio 1978); *Dayton Casting Co. v. Full Mold Process, Inc.*, 404 F. Supp. 670, 673 (S.D. Ohio 1975). 28 U.S.C. § 1331 states that a federal district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1332 states "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

In the instant case, Brent asserts that the defendants violated RICO, a federal statute, therefore the court has federal-question jurisdiction over this action under 28 U.S.C. § 1331. The court also has diversity jurisdiction over the case because there is complete diversity between Brent and the defendants and Brent's alleged amount in controversy satisfies the threshold statutory requirement.

Under RICO's venue statute, a civil action "may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). The term "transacts his affairs" requires that a defendant "regularly transacts business of a substantial and continuous character within that district." *Obee v. Teleshare, Inc.*, 725 F. Supp. 913, 916 (E.D. Mich. 1989). The RICO venue statute also provides for nationwide service if "it is shown that the ends of justice require" such a result. 18 U.S.C. § 1965(b).

"Where specific venue statutes exist, they control over the general venue statutes." *Union Planters Bank, N.A. v. EMC*

*Mortgage Corp.*, 67 F. Supp. 2d 915, 918 (W.D. Tenn. 1999) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 228-29 (1957) & *Sunbeam Corp. v. Picard*, 227 F.2d 596, 598 (6th Cir. 1955)). "However, the provisions of the general venue statutes are to be read as supplementing the special venue statutes in the absence of any contrary restrictions in the special statute." *Id.* (citing *Pure Oil Co. v. Suarez*, 384 U.S. 202, 205 (1966)). Thus, if venue is improper under the specific RICO venue statute, it may still be proper under the federal venue statue, 28 U.S.C. § 1391. *Obee*, 725 F. Supp. at 916.

The federal venue statute, 28 U.S.C. § 1391, governs venue of all civil actions brought in the district courts of the United States. It provides in pertinent part:

> (b) Venue in general. – A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are resident of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

8

28 U.S.C. § 1391(b). If the defendant is a corporation, venue will lie in the district where the corporation would be "subject to the court's personal jurisdiction," and if more than one such district exists, the corporation will be deemed to reside in any district "within which its contacts would be sufficient to subject it to personal jurisdiction." 28 U.S.C. § 1391(c),(d); *Union Planters Bank*, 67 F. Supp. 2d at 918.

Brent's action may not be brought in this court under the RICO venue statute because venue is not proper under 18 U.S.C. § 1965(a) and the "ends of justice" will not be jeopardized if the plaintiff's choice of forum is disregarded. None of the defendants resides, are found, have an agent, or transact affairs in Tennessee. Brent alleges that he received two telephone calls in Tennessee from the two of the defendants requesting copies of his driver's license and that in response he sent a facsimile copy of his license from Tennessee. These contacts, however, are insufficient to establish that the defendants "transacted affairs" in Tennessee. *See Eastman v. Initial Inves., Inc.*, 827 F. Supp. 336, 338 (E.D. Pa. 1993)(finding similar contacts insufficient to establish proper venue). Further, because venue is clearly proper as to every defendant in another district under § 1391(b), see *infra*, "'the ends of justice' will hardly be threatened if [the court]

9

decline[s] to exercise nationwide jurisdiction." *Eastman*, 827 F. Supp. at 338.

Venue is also not proper under 28 U.S.C. § 1391(b)(1) because none of the defendants reside or have any contacts that would be sufficient to subject them to personal jurisdiction in Tennessee. On the contrary, all of the defendants named in the complaint are either residents of Georgia or transact business in Georgia, with the exception of HCA, which is primarily located in California and Texas. (Compl. 2-4, ECF No. 1.) All the corporate defendants in this case are in the business of selling and financing cars in Georgia and do not have sufficient contacts in Tennessee to subject them to personal jurisdiction in Tennessee. Similarly, venue is not proper under 28 U.S.C. § 1391(b)(3), because, even if there were no other district in which the action could be brought, none of the defendants are subject to this court's personal jurisdiction.

Further, venue is not proper under 28 U.S.C. § 1391(b)(2) because none of the events giving rise to Brent's claim occurred in Tennessee. The alleged forgery and fraudulent acts took place in the state of Georgia and not Tennessee. (Compl. 5, ECF No. 1.) The defendants' only connection with Tennessee was that they requested Brent to fax a copy of his driver's license. (*Id.*) Not only was the signature allegedly forged and notarized in Georgia, but the alleged mail and wire fraud

occurred between defendants in Georgia and California. (*Id.* at 6-7.)[2] Because the substantial part of the events giving rise to this claim occurred outside of Tennessee, venue is improper in the Western District of Tennessee.[3]

28 U.S.C. § 1406(a) provides that if the plaintiff files a case in the wrong division or district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court has broad discretion in deciding whether to dismiss or transfer a case. *Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009). Because the impropriety of the current venue is so obvious from the face of the complaint and it appears from the complaint that more than one venue might be appropriate for transfer,[4] the court recommends dismissal of Brent's action without prejudice. *See Friend v. Sowders*, No.

---

2 Brent alleges that HCA, located in California, TRH, located in Georgia, and GEICO Insurance, also located in Georgia, committed mail and wire fraud when they exchanged information with each other. (Compl. 6-7, ECF No. 1.)

3 Further, Brent's complaint does not specifically state that any Tennessee laws were violated, however, Brent states that the defendants violated Georgia consumer protection laws. (*Id.* at 7.)

4 Brent can institute a RICO proceeding in the court of any district "in which [a defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Further, Brent can institute a proceeding in the judicial district in which a substantial part of the events occurred. 28 U.S.C. § 1391(b)(2).

11

93-5338, 7 F.3d 233, at *2 (6th Cir. 1993)(dismissing, rather than transferring, for improper venue); *Crouch v. Honeywell Int'l, Inc.*, 682 F. Supp. 2d 788, 796 (W.D. Ky. 2010)(holding that dismissal without prejudice, rather than transfer, was warranted because transferring would require a hearing "to determine what venue was most appropriate, . . . plaintiffs ha[d] not . . . provided any evidence or argument as to what other court might have jurisdiction . . . holding a hearing would only result in further delay in getting the case to the right court[, and] plaintiffs have shown [] no reason why they are incapable of determining on their own where to re-file"); *DeMoss v. First Artists Prod. Co.*, 571 F. Supp. 409, 412 (N.D. Ohio 1983)(stating that transfer would be preferred when "venue would clearly be proper in the transferee district").[5]

---

[5] A district court may dismiss or transfer a case *sua sponte*, provided that the plaintiff is given the opportunity to argue his views on the issue. *Carver v. Knox Cnty., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *Guava, LLC v. Doe*, No. 1:12 CV 02512, 2013 WL 950044, at *5 (N.D. Ohio Mar. 11, 2013)(stating that the plaintiff had the opportunity to point out the basis for venue in his Motion for Relief from Judgment); *Lyons v. Jameson*, 08-CV-11885, 2008 WL 4387092, at *2 (E.D. Mich. Sept. 24, 2008); *Barney v. Palmer*, No. 07-14818, 2008 WL 2858524, at *2-3 (E.D. Mich. July 22, 2008)(citing *Carver*); *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 393-94 (E.D. Mich. 1982). Brent will have an opportunity to point out the basis for venue in his objections, due within fourteen days after being served with a copy of this report and recommendation.

12

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for improper venue pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted this 3rd day of October, 2014.

s/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.